*652 OPINION.
Smith :
What constitutes a “ personal service corporation ” within the meaning of the Kevenue Act of 1918 is set forth in section 200 of that act. Two of the requisites of such a corporation are that its income shall be (1) “ascribed primarily to the activities of the principal owners or stockholders,” and (2) that such principal owners or stockholders shall be “ regularly engaged in the active conduct of the affairs of the corporation.”
We are of the opinion that a large part of the income of the taxpayer, in excess of 33% per cent of the total, is not ascribable primarily to the activities of the principal owners or stockholders. The corporation represents two insurance companies as general agent and it receives a commission upon the business written by the subagents. Of course, the officers of the taxpayer performed certain duties in connection with such business but the taxpayer receives a percentage of the total commissions paid by the insurance companies in respect of that business, and the income of the taxpayer from such business is large or small depending upon the activities of the subagents. With respect to such business the income of the taxpayer is ascribable primarily to the activities of the subagents.
It is also to be noted that the holders of 40 per cent of the stock of the taxpayer are clearly not regularly engaged in the active conduct of the business, and we are not convinced from the evidence before us that Mr. A. W. Emsheimer, holding 8 per cent of the stock, can be regarded as being regularly engaged in the active conduct of the affairs of the taxpayer. Only two of the stockholders, Gabe S. Emsheimer and Charles S. Schlesinger, holding 52 per cent of the stock of the corporation, may be so regarded.
As we have pointed out in the Appeal of Bryant & Stratton Commercial School, Inc., 1 B. T. A. 32, the case of each taxpayer claiming to be a personal service corporation must be decided upon the facts in the particular case. Considering all of the facts before us with respect to the taxpayer’s business for 1919 and 1920, we think that the taxpayer does not qualify as a personal service corporation for those years.